J. JONES, Justice,
specially concurring.
I concur in the Court’s opinion. The evidence presented at trial was simply insufficient to support the verdict, although it does raise some concerns. The first relates to the circumstances leading to the preparation of the two proposed stock purchase agreements that Mr. McFarland delivered to Mrs. Berry on June 21, 2006. Where an attorney prepares two alternate purchase plans for a friend who is hospitalized with a terminal illness, rather than simply presenting one written offer documenting terms which the attorney contends the parties orally agreed upon three years previously, it gives the appearance of acting in an attorney-client capacity, which Mr. McFarland seemed to acknowledge during oral argument of this case before the Court. However, the evidence in the record pertaining to the events leading up to the signing of one of the agreements is spotty, at best. A second concern relates to an attorney entering into a transaction with a person who may or may not have been a client or who, regardless of an attorney-client relationship, may have established a relationship of trust with the attorney. Neither of the agreements prepared by Mr. McFarland contained language indicating the capacity in which he was acting, nor language indicating that since one party was an attorney the other party was advised to consult independent legal counsel. If the person with whom the attorney is dealing is, indeed, a current client, Rule 1.8 of the Idaho Rules of Professional Conduct apply, requiring: the terms of the transaction to be fair and reasonable to the client, full written disclosure of the terms in understandable language, advice to seek and a reasonable opportunity to obtain independent legal advice, and the informed written consent of the client. Even in the absence of an attorney-client relationship, where the parties have established a relationship of trust and the parties are not dealing on equal terms, the stage may be set for overreaching. Again, the evidence in this regard was somewhat lacking. The third concern relates to the treatment of Mrs. Berry as a stockholder by the other directors/stockholders, Mr. MeFar *13 land and Ms. Zimmerman, following Mr. Berry’s death. The Court is correct that the shabby treatment of Mrs. Berry and the attempted overreach by the adversary directors/stockholders may have contributed to the jury verdict. Although Mrs. Berry placed heavy emphasis on these actions during the trial and on appeal, she did not assert a cause of action against the other direetors/shareholders for oppressive conduct. The long and short of it is that although Mrs. Berry’s evidence at trial disclosed some smoke, it did not produce the actual fire necessary to support the verdict. A remand for a new trial is the appropriate course in this situation.